# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

**Frank Edward Johnson,**                                    **Civil No. 06-104 (DWF-JJG)**

      Petitioner,

v.                                                                                    **REPORT**
                                                                                         **AND**
**State of Minnesota,**                                        **RECOMMENDATION**

      Respondent.

---

JEANNE J. GRAHAM, United States Magistrate Judge

This matter comes before the undersigned Magistrate Judge of the District Court on Frank Johnson's petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. No. 1) and a motion to dismiss by the State of Minnesota (Doc. No. 5). Mr. Johnson (Johnson) is proceeding pro se. The State of Minnesota is represented by Kimberly R. Parker, Assistant Minnesota Attorney General. The matter is referred to this Court for a report and recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1(c).

This matter arises out of an incident, from September 2002, where Johnson forced another person to have sex with him in the bathroom. The incident ended when a roommate of the victim entered the bathroom and witnessed the assault. At a jury trial in January and February 2003, the victim and the roommate testified but Johnson did not testify. He was then convicted of first-degree burglary, fifth-degree assault, and third-degree criminal sexual conduct.

The conviction for first-degree burglary was reversed by the Minnesota Court of Appeals by a decision in May 2004. Johnson advanced some of his remaining arguments in a petition for review before

the Minnesota Supreme Court, but that court denied the petition. He now brings a petition for a writ of habeas corpus before this Court, claiming that the remaining convictions are defective due to multiple errors of law by the state district court.

The State argues that, because Johnson did not exhaust all opportunities to advance his legal arguments in the state courts, he has lost the right to assert those arguments in his petition. In part, the State contends that Johnson did not advance most of his arguments in appeals to the Minnesota Supreme Court. For the arguments that were advanced to that court, the State contends that Johnson did not fairly present the argument, by giving notice in his brief of a federal constitutional issue.

**A.      Exhaustion in State Appellate Courts**

Before a federal court grants a writ of habeas corpus to a state prisoner, that prisoner must exhaust all remedies by fully advancing the underlying arguments in the state courts. Where a prisoner has appeal as of right to an intermediate state appellate court, with discretionary review by the high state appellate court, the prisoner must raise the arguments in a petition for review before the high court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-43 (1999).

Once a prisoner has failed to properly raise an argument in the state courts, that argument is procedurally defaulted and cannot ordinarily be advanced in a federal petition for a writ of habeas corpus. But a procedurally defaulted argument may proceed where the prisoner demonstrates either (1) a procedural reason for the default that resulted in prejudice to the prisoner or (2) that failure to consider the argument will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

2

To demonstrate a procedural reason for default, a prisoner must allege that some outside factor impeded the prisoner's effort to comply with procedural rules. *O'Rourke v. Endell*, 153 F.3d 560, 567 (8th Cir. 1998). To demonstrate a fundamental miscarriage of justice, a prisoner must allege facts that show actual innocence. *Schlup v. Delo*, 513 U.S. 298, 315 (1995).

Following his direct appeal, Johnson advanced a petition for review before the Minnesota Supreme Court. That petition included two arguments. The first was that the Minnesota district court issued an improper jury instruction that the testimony of a victim need not be corroborated. The second was that the prosecutor committed misconduct by commenting on his failure to testify and his failure to present evidence that the sexual encounter was consensual.

In his current petition for a writ of habeas corpus, Johnson raises three distinct arguments. Two of these arguments are substantially similar to those raised in the petition for further review before the Minnesota Supreme Court. The other argument, however, is for ineffective assistance of trial counsel. Because Johnson offers no reason for his failure to make this argument in the petition for further review, it has not been properly exhausted in the state appellate courts, and so it cannot be considered by this Court.

**B.      Fair Presentation of Federal Issues**

To ensure that an argument is properly exhausted, the prisoner is required to fairly present the argument by giving notice of a federal constitutional issue. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Palmer v. Clarke*, 408 F.3d 423, 429 (8th Cir. 2005). To meet this requirement, a prisoner "is required to refer to a specific constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Cox v. Burger*, 398 F.3d 1025, 1031 (8th

Cir. 2005); *see also Baldwin*, 541 U.S. at 31.

In his petition for further review before the Minnesota Supreme Court, Johnson did not refer to any specific constitutional right or provision. He cited but one case, the decision of the Minnesota Court of Appeals on his prior appeal. *See State v. Johnson*, 679 N.W.2d 378 (Minn. App. 2004). Though that case mentions some general federal constitutional issues, his petition for further review does not specify what federal constitutional issues were pertinent. Because his arguments were not fairly presented for decision by the Minnesota Supreme Court, it is inappropriate for this Court to consider them here.

## C.       Conclusion and Recommendation

Johnson has raised three arguments in his petition for a writ of habeas corpus. Because one of these arguments were not raised in a petition for review before the Minnesota Supreme Court, it is procedurally defaulted and cannot be considered here. Though the remaining two arguments were raised in the petition for review, Johnson did not specify a pertinent federal constitutional issue. As a result, Johnson did not fairly present them to the Minnesota Supreme Court. Because Johnson has not properly exhausted his arguments, it is appropriate to grant the motion to dismiss and deny the petition for writ of habeas corpus.

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1.        The State's motion to dismiss (Doc. No. 5) be **GRANTED.**

2.      Johnson's petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. No. 1) be

**DENIED.**

Dated this 6th day of September, 2006.                          s/Jeanne J. Graham

_____

JEANNE J. GRAHAM
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by September 25, 2006.  A party may respond to the objections within ten days after service.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.